# IN THE UNITED STATES DISTRICT COURT  FILED

## FOR THE DISTRICT OF MONTANA        FEB 2 5 2011

### MISSOULA DIVISION

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>Plaintiff,<br><br>vs.<br><br>CHIEF WEISS, CHICAGO POLICE<br>DEPARTMENT; CHIEF JIM<br>PURDUE, NORTH RICHMOND<br>HILLS POLICE DEPARTMENT;<br>and SHERIFF DOUG GILLESPIE,<br>METRO POLICE DEPARTMENT,<br><br>Defendants. | Cause No. CV-11-00032-M-DWM-JCL<br><br><br><br>RECOMMENDATION AND ORDER |

This matter comes before the Court on Plaintiff Anthony Brodzki's Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint (Dkt. 2). Mr. Brodzki is proceeding without counsel.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the

proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Brodzki states this case "deals with water boarding electronically used on neurophonic equipment . . ." He alleges the Sheriff of Las Vegas used techniques causing sleep problems, sweating, heavy breathing, and a "general feeling of torture" to throw him out of his condo. He also alleges he was raped by law enforcement in Chicago, Illinois in 1968, 69, and 70 when he was seven years old. He contends the same problems occurred when he moved to North Richmond Hills, Texas where the police department is using outdated police equipment to torture him day after day.

He seeks 10 million dollars from each police department for "torture battery emotional infliction of emotional stress false imprisonment of the mind." He also asks for an injunction requiring these police departments "to disengage the electronic harassment equipment."

This district is the improper venue for Brodzki's claims. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for this action.  Venue lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" unless neither of those provisions provides a proper place for venue. *See* § 1391(a) and (b).

Brodzki's Complaint refers to incidents occurring in Chicago, Texas, and Las Vegas.  He also contends that computers can be used to cause long range torture so venue can be everywhere he has been, including Montana.  Such an assertion is completely implausible and will not be a basis for venue in this State. There is no allegation that any specific event occurred in Montana.  As no Defendant resides in Montana and no specific events or omissions alleged in the Complaint occurred in Montana, venue will not lie in Montana.

Even if this was a proper venue, Brodzki cannot establish that this Court has personal jurisdiction over Defendants.  "The basic rule is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit

does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1286-87 (9th Cir. 1977) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  If the cause of action is not related to the defendant's activities within the forum state (which appears to be the situation in the case at bar), then a plaintiff must establish that "the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic.'" *Data Disc, Inc.*, 557 F.2d at 1287 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446-47 (1952)).  The Defendants are all law enforcement officers in Chicago, Texas, and Las Vegas.  Aside from Brodzki's fanciful allegation that computers can be used for long range torture, there is no indication that any of the named Defendants have any contacts or conducted activities within the state of Montana.

In addition to the lack of venue and lack of personal jurisdiction, Brodzki's allegations are fantastic, delusional, irrational, and frivolous.  Brodzki has a history of filing frivolous lawsuits.  He has alleged these same or similar facts in many previous suits, which have been dismissed.  According to the National Case Party Index database, Brodzki has filed 48 civil actions, nine appeals, and one bankruptcy since August 26, 2009, approximately 57 cases in a year and a half. The Court also notes that the Northern District of Illinois has issued a vexatious

-4-

litigant order against Brodzki. *See In Re: Anthony J. Brodzki*, Civil Docket No. 1:10-CV-04591 (Order dated July 23, 2010). Brodzki has also been monetarily sanctioned in the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits. *See Brodzki v. North Richland Hills Police Department*, Civil Action No. 3:10-CV-0539-P-BH (Order dated March 31, 2010).

Many of Brodzki's prior lawsuits were found to be frivolous and as one Court stated "wholly within in the realm of fantasy." *Brodzki v. Regional Justice Center*, D.Nev. Civil Docket No. 2:10-CV-01091-LDG-LRL (Order dated July 22, 2010). Brodzki's prior claims frequently involved allegations of electronic harassment by law enforcement. His current complaint is no different.

Given the frivolous nature of Brodzki's claims and his history of vexatious litigation in the other districts where this action could be filed, this matter should not be transferred pursuant to 28 U.S.C. § 1406(a).

Brodzki's Motion to Proceed in Forma Pauperis should be denied because his claims are frivolous and without merit. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Because Mr. Brodzki is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. Brodzki's claims are frivolous. In addition, he has a history of abusing the system and filing repetitive, frivolous lawsuits. Brodzki knew or should have known, from his previous filings, he probably would not be permitted to proceed in forma pauperis.

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Molloy.

DATED this 25th day of February, 2011.

Jeremiah C. Lynch
United States Magistrate Judge

Based upon the above Recommendation by Judge Lynch, the Court issues the following:

### ORDER

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is **DENIED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** and the Clerk of Court shall close the file.

DATED this 25 day of February, 2011.

DONALD W. MOLLOY
United States District Judge

-6-